**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Bo Dana Rupert, | Case No. 2:26-cv-1889-RMG |
| Plaintiff, | |
| v. | |
| Progressive Group of Insurance Companies, | **ORDER AND OPINION** |
| Defendant. | |

This matter is before the Court on Plaintiff's motion to remand. (Dkt. No. 8). Defendant responded in opposition to Plaintiff's motion. (Dkt. No. 10). For the reasons set forth below, the Court denies Plaintiff's motion for remand.

I.     **Background**

Plaintiff initiated this action in the Court of Common Pleas for Dorchester County. (Dkt. No. 1-1 at 1). Defendant filed a notice of removal arguing that this Court has original jurisdiction based upon diversity of citizenship and the amount in controversy exceeds $75,000. (Dkt. No. 1).

Plaintiff moved to remand arguing that Defendant did not meet its burden of showing complete diversity and damages in excess of $75,000. (Dkt. No. 8). Defendant responded by referencing the website of the Ohio Secretary of State, which shows that the properly named defendant is an Ohio domestic corporation incorporated under the laws of Ohio. (Dkt. No. 10 at 3). The Court takes judicial notice of the fact that the properly named defendant is a citizen of a state other than South Carolina. Further, Plaintiff asserts in his complaint he is a citizen of South Carolina. (Dkt. No. 1-1 at 2).

Plaintiff made no specific allegation of the amount in controversy in his complaint. The complaint asserts causes of action for insurance bad faith, negligence and punitive damages. (*Id.*

at 1-1 at 6-8). Plaintiff also asserted damages in excess of $75,000 in two demand letters. (Dkt. Nos. 10-4, 10-5). It is well settled that settlement demand letters can be used to determine whether the amount in controversy exceeds $75,000. *See*, *Koutsogiannis v. Metlife Pet Ins. Sols., LLC*, 2026 WL 1266117 at *3 (D.S.C. 2026); *Hermanson v. Bi-Lo, LLC*, 2021 WL 4147113 at *3 (D.S.C. 2021).

## II.     Standard

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the Court] must strictly construe removal jurisdiction." *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Generally, any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original federal jurisdiction exists where a claim arises from federal law, *see* 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizens of different states, *see* 28 U.S.C. § 1332.

## III.     Discussion

After carefully reviewing the full record in this matter, the Court finds that Defendant has carried its burden of establishing by a preponderance of the evidence that there is complete diversity of jurisdiction in this case. Further, the Court finds that the record supports Defendant's assertion that the amount in controversy exceeds $75,000 by the greater weight of the evidence.

**Conclusion**

For the reasons set forth above, Plaintiff's motion to remand (Dkt. No. 8) is denied.


     _s/Richard Mark Gergel_____
Richard Mark Gergel
United States District Judge

June 12, 2026
Charleston, South Carolina